William P. Deni, Jr.
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (974) 596-0545

Mark Sommers (*pro hac vice* to be filed)
Patrick J. Rodgers (*pro hac vice* to be filed)
Rosie Norwood-Kelly (*pro hac vice* to be filed)
**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiff
Subaru of America, Inc.*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUBARU OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHESHIRE FOREIGN AUTO SERVICE, INC. d/b/a SUBARU CONNECTION, <br><br> Defendant. | Civil Action No. 23-2281 <br><br> *Document Electronically Filed* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Subaru of America, Inc. ("Subaru" or "Plaintiff") alleges against Defendant Cheshire Foreign Auto Service, Inc. d/b/a Subaru Connection ("Defendant") as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under federal, state, and/or common law. Subaru brings this action against Defendant for infringing Subaru's trademark SUBARU for automobiles, parts, and accessories, and automobile repair, servicing, maintenance, and retail store services, in a manner that is likely to confuse, deceive, or mislead consumers into believing Defendant's infringing use of the identical trademark SUBARU as part of its trade name SUBARU CONNECTION for its automobile dealership and automobile repair services is authorized by or affiliated with Subaru, and/or that Defendant's SUBARU CONNECTION automobile dealership, automobile repair services, and/or business activities are offered, licensed, or approved by Subaru when they are not.

2. For those reasons and as more fully set forth below, Subaru seeks both injunctive relief and monetary damages against Defendant's knowing and willful infringement of Subaru's trademark SUBARU through its ongoing use of the identical trademark SUBARU as part of its trade name SUBARU CONNECTION.

## THE PARTIES

3. Plaintiff Subaru of America, Inc. is a New Jersey corporation with a principal place of business at One Subaru Drive, Camden, New Jersey 08103.

4. Defendant Cheshire Foreign Auto Service, Inc. d/b/a Subaru Connection is a New Hampshire corporation with a principal place of business at 258 Main Street, Marlborough, New Hampshire 03455.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b). This Court has personal jurisdiction over

Defendant because it has purposefully availed itself of the privilege of conducting business in New Jersey in connection with its infringing use of the identical trademark SUBARU as part of its trade name SUBARU CONNECTION for its automobile dealership and automobile repair services. This Court has supplemental jurisdiction over Subaru's state law claims pursuant to 28 U.S.C. § 1367 because those claims are substantially related to Subaru's federal Lanham Act claims.

6. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Subaru resides in New Jersey, Defendant resides in New Hampshire and the amount in controversy exceeds $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Subaru is being harmed in this District, Subaru's intellectual property at issue in this litigation is located in this District, and Defendant is using the infringing SUBARU CONNECTION trade name in this District.

## SUBARU, ITS SUBARU TRADEMARK, AND ITS AUTHORIZED DEALERS

8. Subaru of America, Inc. is a wholly owned subsidiary of Subaru Corporation, and the exclusive licensee of the SUBARU trademark in the United States.

9. Subaru markets, distributes, sells, and services automobiles, parts, and accessories through a nationwide network of more than 630 authorized Subaru retailers.

10. Since its U.S. automobile sales began more than 50 years ago, Subaru has enjoyed tremendous success. From 2008-2019, Subaru posted consecutive, record-breaking sales. In fact, Subaru's sales increased every month between December 2011 and August 2019—the longest month-over-month sales streak of any automaker in the United States. Those strong sales have continued, even despite a global pandemic and chip shortage that affected all car

manufacturers across the globe.  In 2022, Subaru sold over 550,000 vehicles in the United States, making Subaru the eighth largest automotive brand in the United States that year, larger than the likes of Tesla, Volkswagen, and BMW.

11. Subaru is famous for making safe, long-lasting, and high-quality vehicles and has received many awards, accolades, and acclaim for the design, functionality, technological innovation, reliability, safety, environmental standards, and resale value of its vehicles.

12. Subaru has also received industry recognition for its uncompromising commitment to owner satisfaction.  In 2022, Kelley Blue Book named Subaru the Most Trusted Brand for the eighth year in a row, and Forbes listed Subaru among the Top 10 Brands consumers love.  Subaru was also rated #1 in Satisfaction, #1 in Dependability, and #1 in Product Quality in the 2022 American Consumer Satisfaction Index.  In 2021, Kelley Blue Book named Subaru the Best Overall Brand, the fourth time Subaru had been awarded that honor.  In 2019, Consumer Reports again named Subaru the best automotive brand, and Newsweek named Subaru one of the Most Desired Automotive Brands.  And in 2018, Forbes named Subaru one of America's Most Reputable Companies.

13. Subaru markets and sells and services its award-winning model passenger cars and Certified Pre-Owned vehicles automobiles under the SUBARU trademark through Subaru's nationwide network of authorized retailers.

14. Each Subaru authorized retailer is granted permission to use the SUBARU name and trademark, often paired with the name of the city or town in which the retailer is located.  For example, Subaru of Keene, Brattleboro Subaru, and Milford Subaru in the cities of Keene, Brattleboro, and Milford in New Hampshire.  Other authorized retailers use the SUBARU

4

trademark alongside an adjective or noun.  For example, Suburban Subaru, #1 Cochran Subaru, Adventure Subaru, Brilliance Subaru, Scenic Subaru, and Winner Subaru.

15. Regardless of the manner, each of Subaru's authorized retailers proudly incorporate the SUBARU trademark into the names of their dealerships and service centers with express authorization from Subaru.

16. Subaru's parent company Subaru Corporation owns multiple U.S. Registrations for the trademark SUBARU in Classes 01, 03, 04, 05, 06, 07, 08, 09, 11, 12, 14, 16, 18, 20, 21, 22, 25, 27, 28, 35, 36, and 37, including Nos. 0689801, 2386969, 2431547, 4602263, and 6398694, four of which are incontestable.

17. As a result of widespread and extensive use, advertising, promotion, commercial success, and third-party recognition of Subaru's automobiles, parts, and accessories, as well as associated automobile repair, servicing, maintenance, and retail store services, Subaru's SUBARU trademark is distinctive, strong, and well known.

**DEFENDANT'S WRONGFUL ACTIVITIES**

18. On information and belief, Defendant is a car dealership and automobile repair shop that sells and services pre-owned Subaru, Volvo and other vehicles under the trade name SUBARU CONNECTION, as shown below:



(https://www.cfasi.com/)

19. Like Subaru's authorized retailers, Defendant promotes its inventory of pre-owned Subaru vehicles online through its website (as shown below):



(https://www.cfasi.com/cars-for-sale)

20. Defendant's infringing SUBARU CONNECTION trade name is featured alongside each of Defendant's pre-owned vehicle listings, including those vehicles that are not manufactured by Subaru. An example is below:



21. According to Defendant's website, it "specialize[s] in working with clients that are out of state," and "[t]he majority of [its] inventory is sourced out of the garages of private enthusiasts around the country."

22. Defendant also partners with CarsforSale.com, an online automotive marketing and classifieds platform, through which it offers financing services and lists current vehicle offerings. A screenshot of one of Defendant's current listings on CarsforSale.com is below:



(https://www.carsforsale.com/used-car-dealer/subaru-connection-marlborough-nh-d729082)

23.     On or about December 28, 2022, Subaru objected to Defendant's infringing use of Subaru's trademark SUBARU and requested that Defendant immediately stop using Subaru's trademark as part of its trade name SUBARU CONNECTION.

24.     Despite Subaru's continued objections, Defendant refuses to respond to Subaru in any manner or fashion, let alone stop its infringing use of the SUBARU trademark as part of its trade name SUBARU CONNECTION for its automobile dealership and automobile repair services.

## INJURY TO SUBARU AND THE PUBLIC

25.     Defendant's infringing use of the trade name SUBARU CONNECTION is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's automobile dealership and automobile repair services, and is likely to falsely suggest a sponsorship, connection, or association between Defendant and Defendant's automobile dealership,

8

automobile repair services, and other commercial activities operating under the trade name SUBARU CONNECTION with Subaru, Subaru's trademark SUBARU, and Subaru's automobiles, parts, and accessories, automobile repair, servicing, maintenance, and retail store services, and/or other commercial activities.

26. Defendant's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Subaru and its SUBARU trademark.

27. Defendant's acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

28. Defendant has acted knowingly, willfully, in reckless disregard of Subaru's rights, and in bad faith, as evidenced in part by Defendant's continued use of the trade name SUBARU CONNECTION for its automobile dealership and automobile repair services contrary to Subaru's express and multiple objections.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement**
**Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

29. Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1-26 of this Complaint.

30. Subaru's use of the trademark SUBARU predates any alleged first use of the SUBARU CONNECTION trade name by Defendant.

31. Defendant has, without the authorization or consent of Subaru, used in commerce a trade name that incorporates in its entirety Subaru's SUBARU trademark in connection with an automobile dealership and automobile repair services, and such use is likely to cause confusion,

or to cause mistake, or to deceive in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

32. Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1-29 of this Complaint.

33. Subaru's trademark SUBARU is and has been distinctive since well before Defendant's first use of the SUBARU CONNECTION trade name based on, among other things, the long-standing and extensive nationwide use, promotion, and commercial success of Subaru's automobiles, parts, and accessories and automobile repair, servicing, maintenance, and retail store services.

34. Defendant's use of the trade name SUBARU CONNECTION, as described above, is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant, its automobile dealership and automobile repair services, and/or its commercial activities by or with Subaru, its SUBARU trademark, and SUBARU automobiles, parts, and accessories, and automobile repair, servicing, maintenance, and retail store services and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition
### Under N.J.S.A. § 56:3-13.16(a) and §§ 56:4-1, *et. seq*.

35. Subaru repeats and realleges each and every allegation set forth in Paragraphs 1-32 of this Complaint.

36. Defendant's actions, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant, its automobile dealership and automobile repair services, and/or its commercial activities by or with Subaru, its SUBARU trademark, and SUBARU automobiles, parts, and accessories, and automobile repair, servicing, maintenance, and retail store services and thus constitute trademark infringement and unfair competition in violation of the laws of the State of New Jersey, N.J.S.A. § 56:3-13.16(a) and §§ 56:4-1, *et. seq*.

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition
### Under New Jersey Common Law

37. Subaru repeats and re-alleges each and every allegation set forth in Paragraphs 1-34 of this Complaint.

38. Defendant's actions, as described above, are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant, its automobile dealership and automobile repair services, and/or its commercial activities by or with Subaru, its SUBARU trademark, and SUBARU automobiles, parts, and accessories, and automobile repair, servicing, maintenance, and retail store services and thus constitute trademark infringement and unfair competition under New Jersey common law.

## JURY DEMAND

39. Subaru respectfully demands a trial by jury on all issues properly triable by a jury in this action under Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

WHEREFORE, Subaru respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that Defendant's use of the identical trademark SUBARU as part of its trade name SUBARU CONNECTION infringes Subaru's trademark SUBARU and constitutes unfair competition under federal and state law, as detailed above;

B. A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using, registering, or seeking to register the trade name SUBARU CONNECTION, including in connection with any other wording or designs, and from using any other marks, logos, designs, and/or designations confusingly similar to Subaru's SUBARU trademark;

2. From representing by any means whatsoever, directly or indirectly, that Defendant, its dealership, services, and activities are associated or connected in any way with Subaru or sponsored by or affiliated with Subaru in any manner;

3. From registering, acquiring, owning, or maintaining any domain name, sub-domain name, Internet address, email address or electronic identifier that uses or incorporates the trademark SUBARU; and

4. From assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(3).

C. An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, forms, and/or any other materials and things that contain or bear the infringing trade name SUBARU CONNECTION and/or any marks or designations confusingly similar to Subaru's SUBARU trademark;

D. An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Subaru's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. An Order requiring Defendant to account for and pay to Subaru any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

F. An Order requiring Defendant to pay Subaru damages in an amount as yet undetermined (and including pre-judgment and post-judgment interest) caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, N.J.S.A. 56:3-13.16(d), and other applicable laws;

G. An Order requiring Defendant to pay Subaru all its litigation expenses, including attorneys' fees and the costs of this action under 15 U.S.C. § 1117, N.J.S.A. 56:3-13.16(d), and other applicable laws;

H. An Order requiring Defendant to pay Subaru punitive damages for trademark infringement and unfair competition under New Jersey common law under N.J.S.A. 2A:15–5.9, *et seq* and other applicable laws; and

I. All other relief as the Court may deem appropriate.

|  |  |
|---|---|
| Dated: April 24, 2023<br>Newark, New Jersey | <u>s/ William P. Deni, Jr.</u><br>William P. Deni, Jr.<br>J. Brugh Lower<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, New Jersey 07102<br>Tel: (973) 596-4500<br>Fax: (973) 596-0545<br>wdeni@gibbonslaw.com<br>jlower@gibbonslaw.com<br><br>Mark Sommers (*pro hac vice* to be filed)<br>Patrick J. Rodgers (*pro hac vice* to be filed)<br>Rosie Norwood-Kelly (*pro hac vice* to be filed)<br>**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Tel: (202) 408-4000<br>Fax: (202) 408-4400<br><br>*Attorneys for Plaintiff*<br>*Subaru of America, Inc.* |