**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SUBARU OF AMERICA, INC.,

        Plaintiff,

    v.

CHESHIRE FOREIGN AUTO SERVICE,
INC. d/b/a SUBARU CONNECTION,

        Defendant.

No. 1:23-cv-02281

**ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on Plaintiff Subaru of America Inc.'s ("Plaintiff") Motion for Default Judgment (ECF No. 8); and

    **WHEREAS**, Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a default judgment against a properly served defendant who fails to respond; and

    **WHEREAS**, "before the Court can enter default judgment, it must find that process was properly served on the Defendant," *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)), and "the party asserting the validity of service bears the burden of proof on that issue," *Grand Entm't Grp., Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993); and

    **WHEREAS**, Federal Rule of Civil Procedure 4(h) requires that, to serve a business entity, a party must deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P 4(h)(1)(B); and

WHEREAS, Plaintiff's Affidavit of Service identifies that Plaintiff served one Dale Peldquin as a "Managing Agent" for Defendants; and

WHEREAS, Plaintiff, who bears the burden of proof on the issue, has not demonstrated that Dale Peldquin is in fact "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or that he holds a similar role that satisfies Federal Rule of Civil Procedure 4(h), *see* Order Den. Pls' Mot. for Default J. as to Avon Foods, Inc., *Trs. of the United Food and Com. Workers Union and Participating Food Indus. Employers Tri-State Health and Welfare Fund v. Avon Foods, Inc.*, No. 21-cv-17533 (D.N.J. June 30, 2022) (ECF No. 10); and

WHEREAS, accordingly, neither the Affidavit of Service filed by Plaintiff, (ECF No. 6), nor the Certificate of Service filed in support of Plaintiff's Motion for Default Judgment, (ECF No. 8-3), contains any facts of record from which the Court can conclude proper service was effectuated pursuant to Federal Rule of Civil Procedure 4(h); and therefore

IT IS HEREBY on this 23rd day of August, 2023,

ORDERED that Plaintiff's Motion for Default Judgment, (ECF No. 8), is DENIED without prejudice; and it is further

ORDERED that Plaintiff shall have sixty (60) days to effectuate proper service and/or to refile a Motion for Default Judgment with sufficient facts from which the Court can conclude that the person served is in fact managing agent.

CHRISTINE P. O'HEARN
United States District Judge