# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SUBARU OF AMERICA, INC.,

    *Plaintiff*,

  v.

CHESHIRE FOREIGN AUTO
SERVICE, INC.,

    *Defendant*.

No. 1:23-cv-02281

**ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), a permanent injunction pursuant to 15 U.S.C. § 1116, and attorneys' fees and costs pursuant to 15 U.S.C. § 1117, (ECF No. 12), filed by Plaintiff Subaru of America, Inc. ("Plaintiff") against Defendant Cheshire Foreign Auto Service, Inc. ("Defendant"); and

    **WHEREAS**, "[b]efore entering a default judgment against a party that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties,'" *Bank of Am., N.A. v. Hewitt*, No. 07–4536, 2008 WL 4852912 (D.N.J. Nov. 7, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); and

    **WHEREAS**, the Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367; and

    **WHEREAS**, "if the court lacks personal jurisdiction over a defendant, the court does not have authority to render a default judgment, and any such judgment will be deemed void," *GEICO*

*Marine Ins. Co. v. Moskovitz*, 670 F. Supp. 3d 168, 171 (D.N.J. 2023) (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008)); and

**WHEREAS**, the Lanham Act—the basis for the Court's federal question jurisdiction—does not provide for nationwide jurisdiction over a defendant, *see Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 122 (1st Cir. 2022); *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *see also Aamco Automatic Transmissions, Inc. v. Tayloe*, 368 F. Supp. 1283, 1291 (E.D. Pa. 1973) ("I conclude, therefore, that [statutory provisions providing for federal jurisdiction over trademark disputes] provide no basis to obtain extraterritorial personal jurisdiction over these defendants."); and

**WHEREAS**, absent any such provision, the Court only has personal jurisdiction over parties to the extent provided by New Jersey law, *see* Fed. R. Civ. P. 4(e); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004); and

**WHEREAS**, New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution, N.J. Court Rule 4:4–4(c); *see also Miller Yacht Sales*, 384 F.3d at 96; and

**WHEREAS**, the Court thus has personal jurisdiction over out-of-state corporations like Defendant only if they have constitutionally sufficient "minimum contacts" with New Jersey,[1] *Miller Yacht Sales*, 384 F.3d at 96 (citing *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992)); and

**WHEREAS**, Plaintiff alleges in its Complaint that Defendant has such minimum contacts because Defendant "has purposefully availed itself of the privilege of conducting business in New

---

[1] Plaintiff pleads Defendant is a New Hampshire corporation with its principal place of business in New Hampshire. (Compl., ECF No. 1, ¶ 4).

Jersey in connection with its infringing use of the identical trademark SUBARU as part of its trade name SUBARU CONNECTION for its automobile dealership and automobile repair services," (ECF No. 1, ¶ 5); but

**WHEREAS**, Plaintiff does not cite, and the Court does not find any authority for the proposition that infringement of a trademark belonging to a New Jersey corporation, standing alone, establishes the "sufficient minimum contacts" constitutionally required to bring Defendant within the jurisdiction of the Court; and

**WHEREAS**, Plaintiff alleges elsewhere in the Complaint that "Defendant is using the infringing Subaru Connection trade name in this District," (ECF No. 1, ¶ 7); and

**WHEREAS**, "[i]t is undisputed that a cause of action for trademark infringement arises where the passing off occurs," *Tefal, S.A. v. Prod. Int'l Co.*, 529 F.2d 495, 496 n.1 (3d Cir. 1976) (citing *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956)); and

**WHEREAS**, to the extent the allegation that Defendant is using the Subaru trademark in this District implies that Defendant is "passing off" as a Subaru affiliate in New Jersey, this allegation is "so conclusory, it is not clear that Defendants have sufficient minimum contact with New Jersey such that the suit does not offend traditional notions of fair play and substantial justice," without more detail as to the time, place, and nature of this alleged use of the trademark, *Goboori v. Scarola*, No. 18-14553, 2019 WL 3344760, at *2 (D.N.J. July 25, 2019); *see also, c.f.*, *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir.1997) (affirming grant of 12(b)(2) motion to dismiss for lack of personal jurisdiction because "a mere unsupported allegation that the defendant 'transacts business' in an area is 'clearly frivolous'"); and

**WHEREAS**, Plaintiff further alleges that Defendant maintains a generally accessible website that includes content infringing on Plaintiff's trademarks, (ECF No. 1, ¶¶ 18–24); and

**WHEREAS**, "[t]he operation of a commercially interactive web site accessible in the forum state is sufficient to support specific personal jurisdiction" only "if a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site," *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa.1997)); *see also Corigliano v. Classic Motor*, 611 F. App'x 77, 80 (3d Cir. 2015) (finding defendant car dealership's website did not establish personal jurisdiction in New Jersey because "nothing in the record suggests the website directly targeted New Jersey, or that Classic Motor knowingly interacted with New Jersey residents through the website"); and

**WHEREAS**, Plaintiff pleads no facts alleging Defendant targets New Jersey or interacts with New Jersey residents through its website, and therefore fails to allege that Defendant's website supports personal jurisdiction in this District, *Toys "R" Us*, 318 F.3d at 452; *Corigliano*, 611 F. App'x at 80; and

**WHEREAS**, Plaintiff alleges no other facts from which the Court can discern that Defendant had any contact whatsoever with New Jersey; and

**WHEREAS**, Plaintiff therefore fails to plead facts sufficient to allege that Defendant has sufficient minimum contacts with the State of New Jersey to bring it within the Court's jurisdiction; now therefore

IT IS HEREBY on this 22nd day of May, 2024,

ORDERED that Plaintiff's Motion for Default Judgment, (ECF No. 12), is DENIED without prejudice.

_____
CHRISTINE P. O'HEARN
United States District Judge